

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

---

No. 07-25-00009-CV

---

ANURITHI MADUGULA A/K/A ANURITHI CHIKKERUR, APPELLANT

V.

FM 969 COMMERCIAL DEVELOPMENT, LLC, RATHNA REDDY, VEMA REDDY,
AND GALAXY REALTY SERVICE, APPELLEES

---

On Appeal from the County Court at Law
Bastrop County, Texas
Trial Court No. 24-22239, Honorable Jo Ann Ottis, Presiding

---

January 31, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Anurithi Madugula a/k/a Anurithi Chikkerur, was declared a vexatious litigant by the 353rd Judicial District Court of Travis County on November 6, 2020. Consequently, Appellant is subject to a prefiling order which prohibits her from filing any new litigation in any Texas court without first obtaining permission from the local administrative judge. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.101(a) (granting trial courts authority to enter orders prohibiting vexatious litigants from filing new litigation

without permission from the local administrative judge), 11.102 (outlining the procedure for obtaining permission from a local administrative judge); 11.103 (prohibiting a clerk of a court from filing a litigation, original proceeding, or appeal by a vexatious litigant subject to a prefiling order without an order from the local administrative judge permitting the filing). Despite the prefiling order prohibiting Appellant from filing a new litigation, she filed a notice of appeal in this cause from the trial court's judgment dismissing her suit against Appellees.[1]

Chapter 11 of the Civil Practice and Remedies Code requires courts to dismiss new actions filed by a vexatious litigant when the litigant fails to file an order from the local administrative judge permitting the filing of the new action. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.1035; *Leonard v. Paxton*, No. 03-19-00771-CV, 2020 Tex. App. LEXIS 3032, at *3–4 (Tex. App.—Austin Apr. 10, 2020, no pet.) (mem. op.) (dismissing appeal, after notice, because vexatious litigant failed to provide order permitting its filing). By letter of January 14, 2025, we admonished Appellant that this appeal was subject to dismissal unless she filed an order granting the required permission by January 24.

Appellant has filed a response but did not file an order from the local administrative judge. In her response, Appellant contends that her vexatious litigant status applies only to litigation filed in Travis County district courts and not to litigation originating in Bastrop County. Yet, the vexatious litigant statute clearly provides, however, that a "prefiling order entered under Subsection [11.101(a)] . . . by a district or statutory county court applies to **each court in this state**." TEX. CIV. PRAC. & REM. CODE ANN. § 11.101 (e) (emphasis added); *Madugula v. FM 969 Commer. Dev., LLC*, No. 03-24-00565-CV, 2024 Tex. App.

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

LEXIS 7081 at *2 (Tex. App.—Austin Oct. 2, 2024, no pet.) (mem. op.). This statutory language controls over verbiage within an order purporting to restrict vexatious litigant status to particular areas of Texas. *Madugula*, 2024 Tex. App. LEXIS 7081 at *2 (holding that the status of vexatious litigant applied statewide despite language in the order barring Madugula from filing suits only in Travis County district courts).

Because Appellant is a vexatious litigant and has failed to file an order from the local administrate judge granting permission to file this appeal, we dismiss the appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.1035(b).

Per Curiam